1

2

3

4                                **UNITED STATES DISTRICT COURT**

5                                    **DISTRICT OF NEVADA**

6

7    DENISE FULEIHAN,                          )

8                              Plaintiff,      )        Case No.: 2:09-cv-1877-RCJ-PAL
                                               )
9    vs.                                       )                **ORDER**
                                               )
10   WELLS FARGO BANK, N.A., *et al.,*         )
                                               )
11                            Defendants.      )
     _____)

12

13          The court conducted a telephonic dispute resolution conference beginning at at the deposition of

14   Plaintiff Fuleihan at the request of the parties, beginning at 10:30 a.m. and concluding at 10:38 a.m.

15   Cynthia Alexander, counsel for Wells Fargo Bank, N.A., and Karl Neilson, counsel for Fremont

16   General Corporation, appeared on behalf of the Defendants.  The Plaintiff appeared *pro se* with attorney

17   Preston Kerr who indicated that he had been retained by the Plaintiff to defend her deposition.  Counsel

18   for the Defendants requested clarification of Mr. Kerr's role, and objected to his attendance at the

19   deposition unless he intended to appear as counsel of record.  Mr. Kerr indicated that he had been

20   retained for purposes of this deposition, although he and the Plaintiff had discussed whether he might

21   be retained for other purposes later.  The Plaintiff confirmed that she had retained Mr. Kerr only to

22   appear for her deposition because she was concerned about "being pushed around" by the attorneys who

23   might ask improper questions.

24          Counsel for the Defendants objected to Mr. Kerr's participation because of the difficulty of

25   complying with Rule 4.2 of the Rules of Professional Conduct, which prevents an attorney from

26   communicating with a party represented by an attorney.  Additionally, defense counsel objected to Mr.

27   Kerr serving as a "ghost lawyer" drafting documents and providing legal advise without making a

28   ///

formal appearance.  Mr. Kerr opined that the Plaintiff should be able to counsel with him whether or
not he intends to serve as counsel of record in this case.

Having considered the arguments of counsel,

**IT IS ORDERED** that:

1.      Mr. Kerr may appear on the Plaintiff's behalf to defend this deposition.

2.      If Mr. Kerr intends to provide any other legal services to the Plaintiff in connection with
this action, he must make an appearance in accordance with the Local Rules of Practice
and will not be permitted to withdraw without leave of court.

3.      Plaintiff is and remains *pro se, and* she may be contacted by counsel for the Defendants
unless and until an attorney makes an appearance in this action in accordance with the
Local Rules of Practice.

Dated this 10th day of June, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2