# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DENISE FULEIHAN, | ) | 2:09-CV-1877-RCJ-PAL |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| WELLS FARGO dba AMERICA'S SERVICING COMPANY, a foreign corporation, et al. | ) | |
| Defendants. | ) | |

Currently before the Court is Plaintiff Denise Fuleihan's ("Plaintiff") Emergency Motion for Hearing to Modify the Preliminary Injunction (#46) filed on April 5, 2010. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed an Opposition (#47) on April 9, 2010, and Plaintiff filed a Reply (#48) on April 13, 2010.[1]

Also before the Court is Wells Fargo's Motion to Dismiss Plaintiff's First Amended Complaint (#54) filed on May 3, 2010, and Defendant Fremont Reorganizing Corporation's ("Fremont") Motion to Dismiss First Amended Complaint (#56) filed on May 5, 2010. Plaintiff

///

---

[1] Wells Fargo also filed a Supplement to Opposition (#49) notifying the Court that Plaintiff failed to make a payment on April 13, 2010 as ordered in the Court's Order granting Plaintiff's Motion for Preliminary Injunction.

1

filed Oppositions (#60/#61) on May 10, 2010, and Wells Fargo and Fremont filed Replies (#65/#66) on May 20, 2010.[2]

Also before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (#62) filed on May 10, 2010. Wells Fargo filed an Opposition (#64) on May 19, 2010 and Fremont filed an Opposition (#67) on May 24, 2010.

Also before the Court is Fremont's Motion for Summary Judgment (#86) filed on July 22, 2010 and Wells Fargo, US Bank National, and Mortgage Electronic Registration Systems' Motion for Summary Judgment (#87) filed on July 22, 2010. Plaintiff did not file oppositions to these motions.

## BACKGROUND

Plaintiff filed a complaint in the Eighth Judicial District Court in Clark County, Nevada, on August 26, 2009. According to the allegations in the complaint, Plaintiff purchased a parcel of real property located at 209 Royal Aberdeen Way, Las Vegas, Nevada 89144 (the "subject property") on March 7, 2001. On May 1, 2006, Plaintiff refinanced her loan with Fremont. After the refinancing transaction, Wells Fargo recorded a deed of trust securing the refinanced mortgage loan with the Clark County Recorder's Office.[3] At some point following the refinancing, Plaintiff became delinquent in her mortgage payments to Wells Fargo. On May 14, 2009, Wells Fargo filed a Notice of Default and Election to Sell with the Clark County Recorder's Office. On August 17, 2009, Wells Fargo recorded a Notice of Trustee Sale.

Plaintiff's initial complaint alleged four causes of action based on violations of federal and state law. These causes of action included: (1) violations of RESPA, 12 U.S.C. §§ 2601, et seq., (2) violations of TILA, 15 U.S.C. §§ 1601, et seq., (3) rescission and declaratory relief, and (4) unfair lending practices under Nevada law, NRS 598D.100, et seq.

Wells Fargo removed the action to this Court on September 24, 2009. Defendants filed

---

[2] Plaintiff filed Objections (#70/#71) to the Replies filed by Wells Fargo and Fremont, and Wells Fargo and Fremont, in turn, filed Motions to Strike (#73/#74) the Objections as improper sur-replies. The Motions to Strike (#73/#74) are GRANTED.

[3] The "Mortgage Loan" at issue in the complaint stems from the refinancing transaction that occurred in May 2006. See Complaint at ¶ 8.

motions to dismiss the claims asserted against them in Plaintiff's initial complaint. The Court heard oral argument on these motions on March 29, 2010, and entered an Order (#51) granting the motions to dismiss on April 21, 2010. According to the Court, Plaintiff's TILA and RESPA claims were barred by the statute of limitations. The Court also dismissed Plaintiff's claim for rescission and declaratory relief on the grounds that Nevada law does not require the production of the original note in a non-judicial foreclosure action. Finally, the Court found that Plaintiff failed to state a claim for unfair lending practices against Wells Fargo, and that such a claim was time barred as to Fremont.

On April 21, 2010, following the entry of the Court's Order (#51), Plaintiff filed a First Amended Complaint asserting the identical four causes of action against Wells Fargo and Fremont that the Court had previously dismissed. In addition, Plaintiff's First Amended Complaint added two new parties and two new claims for relief. Defendants have now moved to dismiss the claims asserted against them in Plaintiff's First Amended Complaint.

In addition, on April 21, 2010, the Court entered an Order (#50) granting Plaintiff's Motion for Preliminary Injunction. In that Order, the Court entered a 90-day injunction preventing Wells Fargo from initiating or advancing any foreclosure sale on Plaintiff's property. The injunction required the parties to attend mediation within sixty days of the order in accordance with the foreclosure mediation program established by Nevada Assembly Bill 149. In addition, the injunction required Plaintiff to make monthly payments during the pendency of the injunction of $5,652.90 beginning on April 13, 2010. Immediately after the hearing on the injunction, Plaintiff filed an Emergency Motion to Request Hearing to Modify the Preliminary Injunction Entered by the Court (#46). Defendants oppose this motion and also note that Plaintiff did not make any payment on April 13, 2010, as required by the Court's preliminary injunction order.

**DISCUSSION**

**I. Plaintiff's Motion to Modify Preliminary Injunction**

As noted in the foregoing, the Court entered a preliminary injunction in this matter enjoining Wells Fargo from advancing or initiating foreclosure on Plaintiff's property. In the

3

1  injunction, the Court also ordered that the parties participate in foreclosure mediation and that
2  Plaintiff make monthly payments of $5,652.90.[4]  Following the Court's hearing on the motion
3  for preliminary injunction, Plaintiff filed an "Emergency Motion to Request Hearing to Modify
4  the Preliminary Injunction Granted by This Court" (#46). In this motion, Plaintiff stated that she
5  was seeking to modify the terms of the preliminary injunction "for cause."
6  　　　　According to Plaintiff, on March 30, 2010, the day after oral argument on the motion for
7  preliminary injunction, Plaintiff was approved for a loan modification.  Because of the
8  modification, Plaintiff stated that mediation was no longer necessary and that the required
9  monthly payment of $5,652.90 "would be conflicting in light of recent events and thereby
10  would be unduly burdensome and unfair to Plaintiff." (Motion to Modify Preliminary Injunction
11  (#46) at 2).
12  　　　　In response, Wells Fargo concedes that it has been engaged in loan modification
13  negotiations with Plaintiff. (Opposition to Motion to Modify (#47) at 2).  However, Wells Fargo
14  states that although it has been reviewing Plaintiff's application for a loan modification, at the
15  time of Plaintiff's filing of the motion to modify preliminary injunction, no offer had been made.
16  According to Wells Fargo, Plaintiff's entitlement to an injunction was conditioned on her
17  payment of the monthly fee of $5,652.90.  Wells Fargo states that although a finalized loan
18  modification agreement would negate the need for injunctive relief in this matter, Plaintiff
19  should still be required to comply with the Court's order pending the finalization of such an
20  agreement.
21  　　　　On April 15, 2010, Wells Fargo filed a supplement to its opposition indicating that
22  Plaintiff did not make any payment on April 13, 2010, as required by the Court's order.  Aside
23  from this supplement, the parties have not indicated whether they engaged in mediation as
24  ordered or entered into a loan modification agreement as indicated by Plaintiff.

---

[4] The preliminary injunction was granted at Plaintiff's request.  At oral argument on the motion for preliminary injunction, the Court instructed Plaintiff that it was entering the preliminary injunction on the condition that she begin making monthly payments to Wells Fargo.  Plaintiff initially contested this payment, but when the Court threatened to deny the preliminary injunction motion, Plaintiff agreed to make the payments in a timely manner.

4

In this matter, the Court denies Plaintiff's request to modify the preliminary injunction. Plaintiff indicated, at oral argument, that the parties were participating in loan modification negotiations. Despite this, she still requested an injunction from the Court to prevent foreclosure proceedings from occurring on her property. The Court granted this request and enjoined Wells Fargo from foreclosing on the property for a period of 90 days. In turn, the Court ordered that Plaintiff make monthly payments. However, Plaintiff failed to comply with the Court's order and did not make any payments to Wells Fargo during the terms of the injunction. As such, Plaintiff is not entitled to any modification of the injunction order, or even a continuation of the injunction.

**II. Wells Fargo's Motion to Dismiss First Amended Complaint**

Wells Fargo moves the Court for an order dismissing the claims asserted against it in Plaintiff's First Amended Complaint. Wells Fargo notes that the Court entered an Order (#51) in this case dismissing the claims asserted in Plaintiff's initial complaint. According to Wells Fargo, the first four claims asserted in the First Amended Complaint are identical to the claims already dismissed, and the remaining two claims fail to state a claim for relief against Wells Fargo.

**A. Legal Standard Under Rule 12(b)(6)**

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint must be construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its

face." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 555 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  The facts included "must be enough to raise a right to relief above the speculative level." Twombly, 555 U.S. at 555-556 . "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 555 U.S. at 555). Rather, a complaint must plead sufficient factual content that the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

Although a court's review on a 12(b)(6) motion to dismiss is generally "limited to the contents of the complaint," the court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion into a motion for summary judgment. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

**B.  Identical Claims in the First Amended Complaint**

Wells Fargo argues that the first four claims asserted in Plaintiff's First Amended Complaint are identical to those alleged in the original complaint which were already dismissed by this Court.[5] (Motion to Dismiss (#54) at 7).  Because these claims are identical and have already been dismissed, Wells Fargo requests that the Court dismiss these claims again with prejudice.

In response, Plaintiff does not deny that the initial four claims were already dismissed by the Court in its prior order.  However, she asserts that the "First Amended Complaint presents some very compelling points and the re-alleged original claims were absolutely valid claims . . . ." (Opposition to Motion to Dismiss (#60) at 2).  According to Plaintiff, she has

---

[5] Wells Fargo states that there are only two minor changes from the initial four claims for relief and the amended four claims for relief. According to Wells Fargo, the paragraph numbers are off by two in the amended complaint because of the addition of two parties to the complaint discussed in the jurisdictional statement. Also, Plaintiff slightly expands her request for declaratory relief in the amended complaint.

6

made valid claims "and does have sufficient proof to support these claims." Id.

In the First Amended Complaint, Plaintiff's first four claims for relief include: (1) Violations of RESPA, (2) Violations of TILA, (3) Rescission and Declaratory Relief, and (4) Unfair Lending Practices. Upon review, these claims are identical to the claims already dismissed by this Court in Order (#51). In that Order, the Court dismissed Plaintiff's RESPA and TILA claims on the ground that they are barred by the statute of limitations. The Court also dismissed Plaintiff's rescission and declaratory relief causes of action because those were based on Wells Fargo's alleged lack of standing and failure to produce the original note. The Court dismissed the claims finding that Nevada's foreclosure statute was comprehensive and did not require production of the original note. Finally, the Court dismissed Plaintiff's unfair lending practices claim against Wells Fargo because Wells Fargo did not originate the loan and thus could not be liable under NRS 598D.100.

In this matter, because Plaintiff's first four causes of action are identical to the claims already dismissed by the Court, the Court grants Wells Fargo's motion to dismiss the amended claims. Despite Plaintiff's arguments to the contrary, these claims are barred by the applicable statutes of limitation and lack merit.

**C. Quiet Title Claim**

Plaintiff's First Amended Complaint includes a claim to quiet title. Under this cause of action, Plaintiff states that she seeks "to quiet title against the claims of all defendants and anyone else known or unknown, claiming interest in the property." (First Amended Complaint (#52) at 6). According to Plaintiff: "None of the defendants and any successors or assignees have any right, title or interest in the property and no right to entertain any rights of ownership including demanding possession or filing cases for possession." Id. Plaintiff states that "defendants have attempted to proceed with a non-judicial sale with unclean hands that limits their right to obtain clear title free of the claims of illegal loan activity by them." Id.

Wells Fargo moves to dismiss this claim on the basis that it is without merit and that Plaintiff has no right to equitable relief to retain the property when she has failed to tender any mortgage payments. (Motion to Dismiss (#54) at 8). In response, Plaintiff appears to base

her quiet title claim on the fact that Wells Fargo has failed to produce the original note on the property. In this regard, Plaintiff states that: "Wells Fargo is not the note holder." Id. at 4. Therefore, according to Plaintiff, Wells Fargo has no right to foreclose on the property.

NRS 40.010 provides that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." Accordingly, a quiet title action in court is the method by which to adjudicate disputed ownership of real property rights. Howell v. Ricci, 197 P.3d 1044, 1046 (Nev. 2008). The purpose of a quiet title action "is to settle all conflicting claims to the property and to declare each interest or estate to which the parties are entitled." Newman v. Cornelius, 83 Cal.Rptr. 435 (Cal.Ct.App. 1970). "In addition to the required elements for a quiet title action, a borrower cannot quiet title to a property without discharging any debt owed." Zendejas v. GMAC Wholesale Mortg. Corp., 2010 WL 2490975 *8 (E.D.Cal. 2010); see also Distor v. U.S. Bank NA, 2009 WL 3429700 (N.D. Cal. 2009)(a plaintiff has no basis to quiet title without first discharging the debt on the property).

In this matter, Plaintiff's quiet title action is without merit because Wells Fargo has a statutory right under NRS § 107.080 to engage in a non-judicial foreclosure on the property. In addition, Plaintiff has not alleged that she has discharged the debt owed on the property. In the Court's prior Order (#51) dismissing Plaintiff's claims for rescission and declaratory relief, the Court stated that under Nevada law a non-judicial foreclosure can occur without the production of the original note. (Order (#51) at 8). Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020. When a debtor defaults, the creditor beneficiary may resort to its security in a trustee's sale as a means of satisfying the debtor's obligation. NRS § 107.080.

The procedure for conducting a trustee's foreclosure sale in Nevada is set forth in NRS § 107.080 et seq. The foreclosure process is commenced by the recording of a notice of breach and the election to sell by the trustee. NRS § 107.080(2)(b). After the notice of default is recorded, the trustee must wait three months. NRS § 107.080(2)(c). The trustee must then

give notice of the time and place of the sale. NRS § 107.080(4). A sale is conducted, monies are bid, and a trustee's deed is issued. Foreclosure procedures must be followed or the sale will be invalid. See Rose v. First Fed. Sav. and Loan, 105 Nev. 454, 777 P.2d 1318 (Nev. 1989)(trustee's sale invalid where notice requirements not satisfied).

Here, Plaintiff states that a quiet title claim is valid because Wells Fargo does not have any right, title or interest in the property. However, as noted in the Court's prior Order (#51), NRS § 107.080(1) specifically provides that a "power of sale" in a non-judicial foreclosure is conferred upon the "trustee." On August 17, 2009, a Substitution of Trustee was recorded on the property substituting National Default Servicing Company as the trustee under the Deed of Trust. (Motion to Dismiss (#9) at Ex. F). Wells Fargo was listed as the "attorney-in-fact" in the Substitution of Trustee. Id. Section 107.080(b) expressly states that the trustee can execute its power of sale once "[t]he beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property . . . is situated a notice of the breach and of his election to sell or cause to be sold the property to satisfy the obligation." Plaintiff has failed to provide any authority which contravenes the Nevada statutory non-judicial foreclosure requirements. Thus, based on Nevada law, the quiet title claim is dismissed on the grounds that Wells Fargo has a right under NRS § 107.080 to foreclose on the property.

### D. Fair Debt Collection Practices Act Claim

Plaintiff's First Amended Complaint also states a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. According to Plaintiff, Wells Fargo is a "mortgage servicing company that is in the business of collecting and processing mortgage payments." (First Amended Complaint (#52) at 7). Plaintiff states that Wells Fargo "is collecting this debt on behalf of U.S. Bank." Id. According to Plaintiff, Wells Fargo made false misrepresentations "in connection with the debt secured by the deed of trust on Plaintiff's house." Id. Specifically, Plaintiff asserts that Wells Fargo "represented that it had a legal right to payment of the debt on Plaintiff's home." Id.

///

1  Wells Fargo moves to dismiss this claim on ground that it does not qualify as a "debt
2  collector" under the act. (Motion to Dismiss (#54) at 10). According to Wells Fargo,
3  "[c]reditors and their fiduciaries are not 'debt collectors.'" Id. In addition, Wells Fargo cites to
4  authority from other circuits that have held that mortgagees and their beneficiaries, including
5  mortgage servicing companies, are not debt collectors subject to the FDCPA. Id.

6  In order to plead a cause of action under the FDCPA, a plaintiff must sufficiently allege
7  that the entity involved is a "debt collector." The FDCPA defines a "debt collector" as "any
8  person who uses any instrumentality of interstate commerce or the mails in any business the
9  principal purpose of which is the collection of any debts, or who regularly collects or attempts
10 to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."
11 15 U.S.C. § 1692a (6). The term "debt collector" does not include a creditor or their fiduciary.
12 See 15 U.S.C. §§ 1692a(4) and 1692a(6)(F).

13 In Reese v. JP Morgan Chase & Co., the court held that "[u]nder the FDCPA,
14 consumer's creditors, mortgage servicing company, or an assignees of a debt are not
15 considered 'debt collectors,' as long as the debt was not in default at the time it was
16 assigned." 686 F.Supp. 2d 1291 (S.D. Fla. 2009). In Lal v. American Home Servicing, Inc.,
17 the court stated that: "The law is well settled that FDCPA's definition of debt collector 'does
18 not include the consumer's creditors, a mortgage servicing company, or any assignee of the
19 debt.'" 680 F.Supp.2d 1218, 1224 (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208
20 (5th Cir. 1985)); see also Nool v. HomeQ Servicing, 653 F.Supp. 2d 1047, 1053 (E.D. Cal.
21 2009).

22 Here, nothing in the amended complaint suggests that Wells Fargo is a "debt collector"
23 as required under the FDCPA. Therefore, Wells Fargo is entitled to an order dismissing this
24 claim.[6]

---

[6] Wells Fargo filed a Motion for Summary Judgment (#87) on July 22, 2010 with Defendants US Bank and Mortgage Electronic Registration Systems. This motion for summary judgment is based on the same arguments put forth in Wells Fargo's Motion to Dismiss (#54) but includes the two additional remaining defendants. Plaintiff did not oppose the Motion for Summary Judgment (#87). Under Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Based on Plaintiff's non-opposition and the

### III. Fremont's Motion to Dismiss First Amended Complaint

Fremont has also moved to dismiss the claims asserted against it in the First Amended Complaint on the grounds that the first four claims for relief have already been dismissed by the Court in its previous Order (#51). (Motion to Dismiss (#56) at 2). As noted in the foregoing, Plaintiff asserts the identical four claims for relief that the Court already dismissed on the grounds that they were time barred and without merit. Because the first four claims in Plaintiff's First Amended Complaint are identical to the claims already dismissed, the Court dismisses these claims again with prejudice.

Fremont also seeks to dismiss Plaintiff's quiet title claim and FDCPA claim on the ground that those claims are not addressed to Fremont. As to the quiet title claim, Fremont states that it "has no interest in the property, and that it does not and cannot seek foreclosure against Plaintiff on the loan obligation." Id. at 5. As such, "it is axiomatic that no cause of action for quiet title against Fremont can stand." Id. Based on the foregoing, the quiet title claim is dismissed as to Fremont.

Fremont also argues that the FDCPA claim should be dismissed. Fremont notes that it is not identified in this claim for relief. In addition, Fremont states that Plaintiff cannot state a FDCPA claim against Fremont because "Fremont has no interest in the property, has not attempted to foreclose, and otherwise could not be a debt collector under those alleged circumstances." In this matter, the FDCPA claim alleged by Plaintiff applies only to Wells Fargo. As such, this claim is dismissed.[7]

### IV. Plaintiff's Motion for Leave to File Second Amended Complaint

On May 10, 2010, Plaintiff filed a motion seeking leave to file a second amended complaint. According to Plaintiff, she has determined "that additional parties and the proper parties should be named as defendants, additional claims asserted, and the dismissed claims be amended." (Motion to File Second Amended Complaint (#62) at 2). Plaintiff states that

---

meritorious arguments made in the motion, the Motion for Summary Judgment (#87) is GRANTED.

[7] Fremont also filed a Motion for Summary Judgment (#86) on July 22, 2010, based on the arguments made in its Motion to Dismiss (#56). Because the Court dismisses the claims against Fremont with prejudice, Fremont's Motion for Summary Judgment (#86) is DENIED as moot.

11

she has asserted "compelling claims for good cause which are most worthy of being heard by this Court." Id. In addition to Wells Fargo and Fremont, Plaintiff seeks to add two additional parties: US Bank National Association as Trustee for SG Mortgage Securities Asset Backed Certificates Series 2006-FRE2, and SG Mortgage Securities Asset Backed Certificates Series 2006-FRE2. The claims for relief alleged in the Second Amended Complaint include the identical claims asserted in the First Amended Complaint: (1) Violations of RESPA, (2) Violations of TILA, (3) Rescission and Declaratory Relief, (4) Unfair Lending Practices, (5) Quiet Title, and (6) Violation of the FDCPA.

Wells Fargo and Fremont both oppose Plaintiff's motion for leave to amend on the ground that the motion is untimely and because the claims asserted lack merit. Defendants state that the deadline agreed upon by the parties to amend pleadings passed nearly two months prior to the filing of Plaintiff's motion. According to Defendants, the parties had until March 22, 2010, to amend the pleadings and to add parties. In addition, Defendants state that Plaintiff already amended the complaint once and asserted the same causes of action she is seeking to assert in the second amended complaint. Defendants argue that these claims are without merit and that Plaintiff should not be afforded "endless opportunities to amend the complaint, delaying resolution of this litigation." (Opposition to Motion to Amend (#64)). Because Plaintiff's amended claims are without merit, Defendants state that amendment would be futile and could result in extreme prejudice to the Defendants.

Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once "as a matter of course" within 21 days after serving it, or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). After that, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. Pro. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Leave to amend lies within the "sound discretion of the trial court." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987). The Ninth Circuit has stated that: "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" Id.

12

1  (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)). This liberality in granting
2  leave to amend is not dependent on whether the amendment will add causes of action or
3  parties. Id. "It is, however, subject to the qualification that amendment of the complaint does
4  not cause the opposing party undue prejudice, is not sought in bad faith, and does not
5  constitute an exercise in futility." Id. (internal citations omitted).

6  Here, the Court denies Plaintiff's request to file a second amended complaint. First,
7  Plaintiff's request is untimely. In the parties' discovery plan and scheduling order, the parties
8  agreed to an extended discovery period of 270 days based on Plaintiff's request. The Court
9  approved this plan on December 3, 2009. The plan set the deadline to amend pleadings and
10 add parties for March 22, 2010. In this matter, Plaintiff was granted leave to amend once
11 already. In addition, upon review of Plaintiff's second amended complaint, Plaintiff has not
12 asserted any new or additional causes of action from her first amended complaint. As such,
13 it is not clear why Plaintiff did not seek leave to amend in a timely manner.

14 In addition, Plaintiff's amendment would be futile and extremely prejudicial to
15 Defendants. Plaintiff has not asserted any new causes of action in her second amended
16 complaint. These causes of action are the subject of motions to dismiss already filed by
17 Plaintiffs. Moreover, four of the causes of action have already been dismissed by the Court
18 as time barred and without merit. Nothing in the second amended complaint cures the
19 deficiencies that caused these claims to be dismissed by the Court. As such, the amendment
20 would be futile because the claims would be subject to dismissal. Moreover, Defendants would
21 be prejudiced by having to respond, for a third time, to Plaintiff's meritless claims.

**CONCLUSION**

23 Based on the foregoing, it is ORDERED that Plaintiff's Emergency Motion to Request
24 Hearing to Modify Preliminary Injunction (#46) is DENIED.

25 IT IS FURTHER ORDERED that Defendant Wells Fargo's Motion to Dismiss Plaintiff's
26 First Amended Complaint (#54) is GRANTED.

27 IT IS FURTHER ORDERED that Defendant Fremont's Motion to Dismiss Plaintiff's First
28 Amended Complaint (#56) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (#62) is DENIED.

IT IS FURTHER ORDERED that Defendant Wells Fargo's and Defendant Fremont's Motions to Strike Plaintiff's Sur-Reply (#73/#74) are GRANTED.

IT IS FURTHER ORDERED that Defendant Fremont's Motion for Summary Judgment (#86) is DENIED as moot.

IT IS FURTHER ORDERED that Wells Fargo, US Bank, and Mortgage Electronic Registration Systems' Motion for Summary Judgment (#87) is GRANTED.

The Clerk of the Court shall enter Judgment accordingly.

DATED: This  15th  day of September, 2010.

_____
Robert C. Jones
UNITED STATES DISTRICT JUDGE