**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENISE FULEIHAN, individual, | ) |
| Plaintiff, | ) |
| v. | ) 2:09-cv-01877-RCJ-PAL |
| | ) **ORDER** |
| WELLS FARGO dba AMERICA'S SERVICING COMPANY, a foreign corporation; FREMONT GENERAL CORPORATION, a Nevada corporation, successor to FREMONT INVESTMENT AND LOAN, a foreign corporation; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES ASSET BACKED CERTIFICATES SERIES, 2006-FRE2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation, and DOES 1-5, inclusive; and ROES I-V, inclusive, | ) |
| Defendants. | ) |

Currently before the Court is Plaintiff Denise Fuleihan's *pro se* motion to vacate the Court's September 15, 2010 Order dismissing her first amended complaint, denying her leave to file her second amended complaint, and granting summary judgment in favor of certain defendants. (Mot. to Vacate (#116)). Because this Court lacks jurisdiction to hear the matter, Plaintiff's motion to vacate (#109) is denied.

On September 15, 2010, this Court issued and Order which, among other rulings, (1) granted motions to dismiss Plaintiff's first amended complaint filed by Wells Fargo and Fremont Investment & Loan; (2) denied Plaintiff's motion for leave to file her second amended complaint; (3) denied Plaintiff's motion to modify an injunction issued by this Court; and (4)

granted summary judgment in favor of Defendants Wells Fargo, US Bank, and Mortgage Electronic Registration Systems, Inc. (Order (#109) at 13-14). Plaintiff then filed a notice of appeal to the Ninth Circuit on October 14, 2010. (Notice of Appeal (#112)). On March 24, 2011, Plaintiff filed in this Court a motion to vacate the Order issued on September 15, 2010, claiming (1) the Court lacked jurisdiction to issue the Order because Plaintiff filed for bankruptcy and the automatic stay was in effect, and (2) she has obtained newly discovered evidence in the form of a declaration from a consumer right's expert. (Mot. to Vacate (#116) at 3-4).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Circumstances that warrant relief from a final judgment include:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Motions under Rule 60(b) must be made within a "reasonable time." FED. R. CIV. P. 60(c)(1). Moreover, motions for relief that are based on mistake, newly discovered evidence, or fraud must be brought within one year of final judgment. FED. R. CIV. P. 60(c)(1). Motions to reconsider and vacate are generally left to the discretion of the trial court. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

Plaintiff filed her motion to vacate apparently based on mistake and newly discovered evidence on March 24, 2011. (Mot. to Vacate (#116)). As the Order was issued by this Court on September 15, 2010, Plaintiff has properly filed her motion within the one-year time frame allotted by Fed. R. Civ. P. 60(c)(1).

However, this Court ultimately lacks jurisdiction to hear the motion because Plaintiff has filed a notice of appeal. By filing a notice of appeal, jurisdiction over a case is transferred to the court of appeals. *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 388 (9th Cir. 1966).

Accordingly, "[o]nce an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment." *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007). A district court may only hear and decide a Rule 60(b) motion after a notice of appeal has been filed if the movant follows a specific procedure, which is to "ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the court of appeals], if appropriate, for remand of the case." *Id.* (*quoting Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986)).

Plaintiff filed a notice of appeal on October 14, 2010. (Notice of Appeal (#112)). This Court consequently lacks jurisdiction to hear the motion to vacate. Although the Court may hear the matter if Plaintiff first asks this Court whether it wishes to entertain the motion and then requests that the Ninth Circuit remand the case, Plaintiff has failed to follow this procedure. As a notice of appeal has been filed and Plaintiff has not followed the proscribed procedure which would allow this Court to hear her motion, the Court lacks jurisdiction and Plaintiff's motion to vacate is dismissed accordingly.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to vacate (#116) is dismissed.

IT IS FURTHER ORDERED that Oral Argument set for Monday, February 6, 2012 is VACATED.

Dated this 29th day of December, 2011.

_____
United States District Judge